**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Vanessa Charles,

       Plaintiff,

     v.                                           Case No. 1:11cv747

Commissioner of Social Security               Judge Michael R. Barrett

       Defendant.

**<u>ORDER</u>**

This matter is before the Court upon the Magistrate Judge's December 20, 2012 Report and Recommendation ("R&R") which recommends that the decision of the Commissioner be affirmed and this matter be closed on the docket of the Court. (Doc. 16.)

Notice was given to the parties under 28 U.S.C. § 636(b)(1)(c). Plaintiff filed objections to the Magistrate Judge's R&R. (Doc. 18.) The Commissioner filed a Response to the objections. (Doc. 20).

The Magistrate Judge completed a comprehensive review of the record and the same will not be repeated here. Plaintiff objects to the Magistrate Judge's R&R on the following bases: (1) the Magistrate Judge found that the ALJ provided good reasons for rejecting the opinions of her treating physicians; and (2) the Magistrate found that the ALJ properly conducted the credibility analysis required under Social Security Ruling 96-7p and the applicable regulations.

As to Plaintiff's first objection, the Magistrate Judge concluded that the ALJ gave valid reasons for declining to give controlling weight to the opinions of her treating physicians, Dr. Goldman and Firdaus.   The Magistrate Judge noted that the ALJ found that Dr. Goldman's opinion was not well-supported by objective medical evidence, and Dr. Goldman had not treated Plaintiff for about a year.   As to Dr. Firdaus, the Magistrate Judge noted that the ALJ discounted Dr. Firdaus' opinion that Plaintiff's neuropathy would prevent consistent gainful employment because his examinations performed on August 13, 2010 and January 7, 2011 were normal.   Moreover, the ALJ noted that a conclusion as to whether Plaintiff could engage in gainful employment is a determination for the Commissioner to make.

Plaintiff argues that in addition to objective medical evidence, a treating physician's opinion can be based on subjective evidence provided by the patient to his doctor.   Here, Plaintiff complained of neuropathy in her hands and lower legs to Drs. Goldman and Firdaus.   Both doctors cited neuropathy as the basis for their opinions. (Tr. 631, 632).   However, the ALJ found that their opinions with regards to neuropathy were inconsistent with the substantial evidence in the record. *See* 20 C.F.R. § 404.1527(d)(2) (noting that treating physicians' opinions are given controlling weight when they are "not inconsistent with the other substantial evidence").   The ALJ explained that the opinions of Drs. Goldman and Firdaus were inconsistent with their course of treatment in terms of length of treatment relationship and frequency of examination.   The ALJ also explained that the opinions were inconsistent with other medical evidence, including their own treatment notes, the neurological examination performed at Good Samaritan Hospital (Tr. 633) and the treatment notes of a hand specialist, Dr. Peter Stern.

2

(Tr. 731-36).   Therefore, Plaintiff's objection on this point is overruled.

As to Plaintiff's second objection, the Magistrate Judge found that the ALJ did not err in assessing Plaintiff's credibility and subjective complaints.   The Magistrate Judge found that the ALJ conducted the proper credibility analysis.   However, Plaintiff argues that the ALJ did not thoroughly analyze the factors set forth in SSR 96-7.   Specifically, Plaintiff points to the factors under 20 C.F.R. § 404.1529(c): "(i) Your daily activities; (ii) The location, duration, frequency, and intensity of your pain or other symptoms; (iii) Precipitating and aggravating factors; (iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms; (v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms; (vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."   However, as the Magistrate Judge noted, the ALJ discussed a number of these factors.   Upon review, this Court finds that the ALJ properly applied the standards in assessing whether Plaintiff was disabled to due to her alleged symptoms. Therefore, Plaintiff's objection on this point is overruled.

Based on the foregoing, the Court hereby **ADOPTS** the Magistrate Judge's December 20, 2012 R&R (Doc. 16) affirming the decision of the Commissioner.   This matter shall be **CLOSED and TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

_/s/ Michael R. Barrett_
Michael R. Barrett, Judge
United States District Court

3